UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREGORY SCOTT SCHENA,

                                              Case No. 6:19-cv-02290

               Plaintiff,

vs.

SPECIALIZED LOAN SERVICING LLC,

               Defendant.

_____/

## **COMPLAINT**

Plaintiff, Gregory Scott Schena ("Schena") sues Defendant, Specialized Loan Servicing LLC ("SLS").

### **Count One - FDCPA**

1.     This is an action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA").

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

3.     The actions of SLS, as alleged below, occurred in Volusia County, Florida.

4.     Schena is a natural person and resides in Volusia County, Florida.

5.     In 2006, Schena opened a line of credit (the "Loan") with National City Bank ("NCB") in the approximate amount of $35,000. A copy of the line of credit agreement is attached as **Exhibit A**.

6.     The Loan was for personal, family or household purposes.

7.     The Loan was secured by a mortgage (the "Mortgage") against Schena's personal residence located at 2900 Gallup Court, Deltona, Florida (the "Homestead"). A copy of the Mortgage is attached as **Exhibit B**.

8.     By merger during or about 2008, PNC Bank, NA ("PNC") became successor to NCB.

9.      On October 18, 2013, Schena filed a Chapter 7 bankruptcy case in the U.S. Bankruptcy Court, Middle District of Florida, Orlando Division, case no. 6:13-bk-12869-CCJ (the "Bankruptcy Case"). A copy of the notice of commencement of the Bankruptcy Case is attached as **Exhibit C**.

10.     PNC was scheduled as a creditor in the Bankruptcy Case and received notice of the Bankruptcy Case. A copy of the mailing matrix for the Bankruptcy Case is attached as **Exhibit D**.

11.     On January 22, 2014, Schena received an order of discharge in the Bankruptcy Case. A copy of the order of discharge is attached as **Exhibit E** ("Discharge Order").

12.     On January 29, 2014, the court in the Bankruptcy Case entered an order avoiding the Mortgage. A copy of the order is attached as **Exhibit F** ("Avoidance Order").

13.     The Avoidance Order was recorded on February 19, 2014, at Book 6960, Page 1040, of the Official Records of Volusia County, Florida.

14.     On or about May 21, 2014, PNC released the Mortgage (the "Release"). A copy of the Release is attached as **Exhibit G**.

15.     The Release was recorded on or about May 28, 2014, at Book 6993, Page 2584, of the Official Records of Volusia County, Florida.

16.     During or about September 8, 2014, the Loan was transferred to SLS for servicing. A copy of the notice of transfer is attached as **Exhibit H**.

17.     SLS regularly collects or attempts to collect, directly or indirectly, debts owed or due to others.

18.     Starting in September, 2018, Schena began receiving "mortgage statements" from SLS regarding the Loan and Mortgage, including "payment amount", "payment date", "current payment", and the "property address" for the Mortgage. A copy of the mortgage statement is attached as **Exhibit I**.

2

19.     After receiving the mortgage statement, Schena called and wrote to SLS to stop further collection actions regarding the Loan and Mortgage.

20.     On or about January 17, 2019, SLS sent to Schena a letter ("Jan. Letter") regarding the Loan and Mortgage, alleging, among other things, the "mortgage account is delinquent" and "encouraging you to contact us to discuss possible loss mitigation options." A copy of the Jan. Letter is attached as **Exhibit J**.

21.     In February, 2019, SLS, as "attorney in fact," executed and filed in the public records an assignment (the "First Mortgage Assignment"), purporting to assign the Mortgage to Gulf Harbour Investments Corporation. A copy of the First Mortgage Assignment is attached as **Exhibit K**.

22.     On or about September 10, 2019, an assignment (the "Second Mortgage Assignment") was recorded in the public records purporting to assign the Mortgage from PNC to E*Trade Bank. A copy of the Second Mortgage Assignment is attached as **Exhibit L.**

23.     The First Mortgage Assignment and Second Mortgage Assignment (collectively, the "Mortgage Assignments") slandered Schena's title to the Homestead.

24.     On or about November 14, 2019, SLS received a letter dated November 13, 2019, from counsel for Schena relating to the Loan and Mortgage. A copy of the letter is attached as **Exhibit M** ("Cease and Desist Letter").

25.     On or about November 14, 2019, after receipt of the Cease and Desist Letter, SLS sent to Schena a letter ("Nov. Letter") regarding the Loan and Mortgage, alleging, among other things, the "mortgage account is delinquent." A copy of the Nov. Letter is attached as **Exhibit N**.

26.     SLS knew, or should have known, the Loan was discharged and the Mortgage avoided and released.

27.     Notwithstanding the Loan was discharged and the Mortgage avoided and released, SLS continued efforts to collect the Loan and enforce the Mortgage.

3

28.     The Mortgage Assignments, mortgage statement, and letters from SLS to Schena, including the Jan. Letter and Nov. Letter (collectively, the "Collection Letters"), constitute an effort to collect a debt - the Loan.

29.     The Mortgage Assignments, mortgage statement, and Collection Letters falsely represented the character, amount, or legal status of the Loan and Mortgage.

30.     The actions of SLS were intentional, willful and without regard for the rights of Schena, such that Schena reserves the right to recover punitive damages.

31.     Schena sustained damages as a result of the actions of SLS, including mental anguish, despair, frustration, embarrassment, nervousness, and loss of capacity for the enjoyment of life and is entitled to recover actual damages, punitive damages, statutory damages, and reasonable fees and costs.

32.     All conditions precedent to this action have occurred, been satisfied, or waived.

33.     The Loan and Mortgage constitute a consumer debt as defined in FDCPA, § 1692a(5).

34.     SLS is a debt collector as that term is defined by FDCPA, § 1692a(6).

35.     The Mortgage Assignments, mortgage statement, and Collection Letters were communications as that term is defined in FDCPA, § 1692a(2).

36.     SLS is obligated to pay reasonable fees and costs of this action pursuant to FDCPA, § 1692k(a).

Therefore, Schena requests the judgment of this Court awarding: (a) damages, including actual, statutory, and punitive damages; (b) fees and costs; and (c) such other relief as may be appropriate.

## Count Two - FCCPA

37.     This is an action pursuant to the Florida Consumer Collection Practices Act, § 559.55 *et seq.* ("FCCPA").

38.     This Court has jurisdiction pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

39.     Schena re-alleges paragraphs 3-32, inclusive.

40.     Schena is a debtor as defined by FCCPA, § 559.55(8).

41.     The Loan and Mortgage constitute a consumer debt as defined by FCCPA, § 559.55(6).

42.     SLS is a person under FCCPA, § 559.72.

43.     SLS is registered with the Florida Office of Financial Regulation as a "consumer collection agency".

44.     SLS is a debt collector as the term is defined in FCCPA, § 559.55.

45.     In violation of FCCPA, § 559.72(9), SLS claimed, attempted, or threatened to enforce a debt when SLS knew the debt was not legitimate, where SLS knew the Loan was discharged and the Mortgage was avoided and released.

46.     In violation of FCCPA, § 559.72(18), SLS communicated with a debtor, Schena, when SLS knew Schena was represented by an attorney, where SLS sent the Nov. Letter after receipt of the Cease and Desist Letter.

47.     SLS is obligated to pay reasonable fees and costs of this action under FCCPA, § 559.77(2).

Therefore, Schena requests the judgment of this Court awarding: (a) damages, including actual, statutory, and punitive damages; (b) fees and costs; and (c) such other relief as may be appropriate.

### Count Three - Contempt

48.     Schena re-alleges paragraphs 3-32, inclusive.

49.     This is an action for contempt pursuant to 11 U.S.C. §§ 105 and 524.

50.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1334 (bankruptcy jurisdiction).

51.     The actions of SLS were prohibited by the Discharge Order and Avoidance Order.

52.     There is no fair ground of doubt as to whether the Discharge Order and Avoidance Order barred the conduct of SLS.

Therefore, Schena requests the judgment of this Court awarding: (a) damages, including actual and punitive damages; (b) fees and costs; and (c) such other relief as may be appropriate.

Dated:  December 5, 2019.

/s/ David R. McFarlin
David R. McFarlin
Florida Bar No. 328855
Fisher Rushmer, P.A.
390 N. Orange Avenue, Suite 2200
Post Office Box 3753
Orlando, FL 32801
Telephone (407) 843-2111
Facsimile (407) 422-1080
dmcfarlin@fisherlawfirm.com
Attorneys for Plaintiff